

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. G. A. Walters
County Attorney
San Saba County
San Saba, Texas

Dear Sir:

Opinion No. O-837
Re: Construction of statutes re-
lating to satisfaction of
fine and costs in criminal
cases.

We are in receipt of your letter of May 17th,
in which you propound substantially the following ques-
tions:

"(1) Can prisoners convicted in the
county court and laying out fines and costs
in jail at three dollars per day claim cre-
dit for the time they have been in jail and
pay balance of the fine and costs, or must
they pay the full amount of fine and costs
if they desire to be released?

"(2) If the answer to the above ques-
tion is that credit should be allowed for
time spent in jail, and prisoner will only
be required to pay the balance in cash to
secure release, is the county required to
rebate the prisoners heretofore required
to pay the full amount of fine and costs
after being in jail a part of the time?

"(3) Are the officers required to re-
bate the prisoners under the circumstances
described?

"(4) How far back can such convicts
claim such rebate, and what would be the
procedure?"

San Saba County, Texas has a population of 10,273, according to the last preceding Federal Census.

The pertinent provisions of Article 793, Code of Criminal Procedure, reads as follows:

"When a defendant is convicted of a misdemeanor and his punishment is assessed at a pecuniary fine, if he is unable to pay the fine and costs adjudged against him, he may for such time as will satisfy the judgment be put to work in the workhouse, or on the county farm, or public improvements of the county, as provided in the succeeding Article, or if there be no such workhouse, farm or improvements, he shall be imprisoned in jail for a sufficient length of time to discharge the full amount of the fine and costs adjudged against him; rating such labor or imprisonment at Three Dollars ($3) for each day thereof; ..." (Then follows additional provisions relating to counties of different population brackets not applicable generally and not effective as to San Saba County.)

We direct your attention to the fact that Article 793, supra, applies to the satisfaction of judgments in misdemeanor cases in courts other than justice courts. See Ex Parte Fernandez, 87 S. W. (2d) 578; Ex Parte McLaughlin, 60 S. W. (2d) 786.

We respectfully call your attention to the last sentence of the opinion of Ex Parte Hihl, 13 S. W. (2d) 14, in which the court recognizes that prisoners should be given credit on their fines and costs for service in jail, or in the workhouse or other public works. In that case the court states that where a defendant has been indicted for a felony and convicted for a misdemeanor the defendant shall be discharged upon serving of the jail sentence, or fine and costs, at the credit rate of $3.00 per day, or after serving the fine and jail sentence upon the payment "of whatever balance is due thereon." We know of no reason for a different rule where the original prosecution was for a misdemeanor in any court having jurisdiction thereof, under the provisions of Article 793, C. C. P., supra.

We are therefore of opinion the first question stated above, should be answered in the affirmative. However, this opinion is not to be considered as construing the application of Article 930, C.C.P., which relates to justice courts.

With reference to the second question, you are advised it is our opinion the county would not be liable for the failure of the officers to allow the proper credit to prisoners. See 34 Tex. Jur. 476. A county is not liable for the tortious acts of its officers in the absence of statute. See 11 Tex. Jur. 627, et seq., and authorities cited. As stated in an old case by the Supreme Court of the United States, Gibbs v. United States, 3 Wall. 269;

"No government has ever held itself liable to individuals for the malfeasance, laches, or unauthorized exercise of power by its officers or agents."

With reference to other questions raised by you, of course the liability of the officers would depend upon the facts and circumstances involved in each particular case. Any liability would depend for recovery upon a civil action being filed by the individual concerned, and we are prohibited from expressing our opinion thereon by the plain provisions of Article 4399, R.C.S. 1925.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Benjamin Woodall
Assistant

BW:AW

APPROVED JUNE 29, 1939

ATTORNEY GENERAL OF TEXAS

APPROVED:
Opinion Committee
By BWF
Chairman